UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10528 EFH

KEVIN S. CLAPP,
    Plaintiff,

MAGISTRATE JUDGE Cohen

v.    DOCKET NO.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
    Defendant.

RECEIPT # 54596
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 3/16/04

**COMPLAINT AND CLAIM FOR JURY TRIAL**

Jurisdiction

1.    Jurisdiction of this action arises under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111, et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

Venue

2.    Venue is proper in this court in that this is the judicial district in which Plaintiff and Defendant reside and in which the relevant events occurred.

Parties

3.    Plaintiff Kevin S. Clapp ("Plaintiff") is an individual residing in Braintree, Norfolk County, Massachusetts.

4.    Defendant Massachusetts Bay Transportation Authority ("MBTA") is a body politic and corporate organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 10 Park Plaza, Boston, Suffolk County, Massachusetts.

## General Allegations

5. Plaintiff has been employed by the MBTA since approximately August 17, 1992.

6. Plaintiff was initially hired as a part-time bus operator in the MBTA's Surface Lines.

7. On or about January 2, 1993, Plaintiff suffered a work related emotional injury resulting from a shooting incident that Plaintiff witnessed while driving a bus.

8. As a result of this incident, Plaintiff was diagnosed with post traumatic stress disorder. Plaintiff underwent psychiatric treatment and was prescribed medications for this condition.

9. Plaintiff lost time from work due to this emotional injury.

10. On or about July 15, 1994, the Massachusetts Department of Industrial Accidents issued a decision finding Plaintiff's emotional condition to be work-related and awarding Plaintiff disability and medical benefits.

11. In 1994, Plaintiff suffered serious injuries to his back as a result of non-work related motor vehicle accidents resulting in a chronic back condition.

12. As a result of these emotional and physical injuries, the MBTA's medical clinic determined on or about April 11, 1995 that Plaintiff was permanently medically disqualified from performing the essential duties of his bus operator position.

13. On or about December 19, 1995, the MBTA's medical clinic once again determined that Plaintiff was permanently medically disqualified to perform the essential duties of his bus operator position.

14. On or about December 27, 1995, Plaintiff was transferred to the MBTA's Rapid Transit Lines and assigned to the job of part-time collector.

15. Plaintiff has been employed as a part-time collector at the MBTA since that time.

16. Plaintiff has performed his job satisfactorily at all relevant times and has been an employee in good standing.

17. Since approximately December 27, 1997, Plaintiff has sought promotion to full time collector.

18. The MBTA has consistently refused to promote Plaintiff to full time collector based on its policy that a permanently medically disqualified former part-time bus driver in its surface lines cannot accrue seniority for the purpose of becoming a full-time collector in its rapid transit lines.

19. The Massachusetts Commission Against Discrimination ("MCAD") determined in <u>Ross v. M.B.T.A.</u>, Docket No. 94-BEM-0716 (August 19, 1999) (Guastaferri, Hearing Officer), affirmed by the Full Commission (January 28, 2002), that the MBTA's refusal to allow a medically disqualified former part-time bus driver to accrue seniority for the purpose of becoming a full-time collector constituted a failure to provide reasonable accommodation in violation of M.G.L. c. 151B.

20. In <u>Ross</u>, the MCAD also found that the MBTA's policy of denying medically disqualified part-time surface line employees the right to ever become full-time rapid transit line employees violated M.G.L. c. 151B because it arbitrarily discriminates against an entire category of disabled employees based on nothing more than where they happened to work at the time of their injury.

21. In <u>Ross</u>, in addition to awarding damages and ordering the MBTA to immediately make Ross a full-time collector, the MCAD ordered the MBTA to "cease and desist from the practice of refusing to allow part-time medically disqualified employees in the surface lines from attaining seniority for the purpose of achieving full time status in rapid transit positions for

3

which they are medically qualified."

22. Plaintiff is a permanently medically disqualified former part-time bus driver that the MBTA has refused to allow to accrue seniority for the purpose of becoming a full-time collector.

23. Plaintiff has been a part-time collector that the MBTA refuses to allow to become a full-time collector.

24. Plaintiff fits squarely within the terms of the cease and desist order issued by the MCAD and his claim fits squarely within the decision in Ross.

25. Following the decision of the MCAD in Ross, the MBTA made Geraldine Ross, a black female, a full-time collector.

26. The MBTA has similarly made Shirley Mickell Robinson, a black female, a full-time collector.

27. Both Ross and Robinson were similarly situated employees to Plaintiff since they were both permanently medically disqualified former part-time bus drivers.

28. The MBTA continues to deny Plaintiff, a white male, a promotion to full time collector.

29. The MBTA has engaged in disparate treatment of similarly situated employees by making Ross and Robinson full time collectors but denying that position to Plaintiff.

30. Plaintiff is a qualified handicapped person and/or a qualified individual with a disability.

31. Plaintiff is deemed a qualified handicapped person pursuant to M.G.L. c. 152, §75B since he had sustained a work-related injury and has been able to perform the essential functions of a particular job with or without accommodation.

32. Plaintiff has at all relevant times been qualified to perform the essential functions of the position of full time collector with or without accommodation.

33. The MBTA has intentionally discriminated against Plaintiff based on his disability or handicap.

34. The MBTA's policy of denying permanently medically disqualified part-time surface line employees the right to become full-time rapid transit line employees arbitrarily discriminates against an entire category of disabled employees based on nothing more than where they happened to work at the time of their injury.

35. The MBTA's acts were intentional, malicious and/or done with reckless indifference to Plaintiff's rights.

36. Plaintiff has been injured and damaged by the MBTA's acts.

37. The MBTA at all relevant times has employed more than fifteen persons.

38. Plaintiff has complied with all statutory requirements and conditions precedent necessary to maintain this action by filing a timely charge with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

39. On December 19, 2003, the EEOC issued Plaintiff a notice of right to sue.

## COUNT I - Disability Discrimination
### (Violation of the ADA)

40. Plaintiff repeats the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff at all relevant times was a qualified individual with a disability within the meaning of 42 U.S.C. 12111 §101(8).

42. The MBTA's acts represent, inter alia, intentional violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111, et seq.

5

### COUNT II – Disability Discrimination
### (Violation of M.G.L. c. 151B)

43. Plaintiff repeats the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The MBTA's conduct represents, inter alia, intentional discrimination on the basis of handicap in violation of M.G.L. c. 151B, s. 4(16).

### COUNT III – Race Discrimination
### (Violation of Title VII of the Civil Rights Act of 1964)

45. Plaintiff repeats the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. The MBTA's acts represent, inter alia, intentional discrimination on the basis of race or color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

### COUNT IV – Sex Discrimination
### (Violation of Title VII of the Civil Rights Act of 1964)

47. Plaintiff repeats the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. The MBTA's acts represent, inter alia, intentional discrimination on the basis of sex or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

### COUNT V - Race Discrimination
### (Violation of M.G.L. c. 151B)

49. Plaintiff repeats the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. The MBTA's conduct represents, inter alia, intentional discrimination on the basis of race or color in violation of M.G.L. c. 151B, s. 4(1).

## COUNT VI - Sex Discrimination
### (Violation of M.G.L. c. 151B)

51. Plaintiff repeats the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. The MBTA's conduct represents, inter alia, intentional discrimination on the basis of sex or gender in violation of M.G.L. c. 151B, s. 4(1).

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Enter judgment against the MBTA on Count I for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

B. Enter judgment against the MBTA on Count II for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

C. Enter judgment against the MBTA on Count III for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs

D. Enter judgment against the MBTA on Count IV for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

E. Enter judgment against the MBTA on Count V for compensatory damages, punitive damages, reasonable attorneys' fees, interest and costs.

F. Order the MBTA to make Plaintiff a full time collector with accrued seniority.

G.  Enter a preliminary injunction ordering the MBTA to cease and desist from the practice of refusing to allow permanently part-time medically disqualified employees in the surface lines from attaining seniority for the purpose of achieving full time status in rapid transit positions for which they are medically qualified.

H.  Enter a permanent injunction ordering the MBTA to cease and desist from the practice of refusing to allow permanently part-time medically disqualified employees in the surface lines from attaining seniority for the purpose of achieving full time status in rapid transit positions for which they are medically qualified.

I.  Enter such other and further relief as this Honorable Court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**

KEVIN S. CLAPP,

By his Attorney,

_____
Richard A. Mulhearn
BBO #: 359680
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
Telephone: (508) 753-9999

Date: March 15, 2004.

8