UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN S. CLAPP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MASSACHUSETTS BAY ) <br> TRANSPORTATION AUTHORITY, ) <br> ) <br> Defendant. ) <br> ) | Docket No. 04-10528 EFH |

**MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S
ANSWER AND JURY DEMAND**

The Massachusetts Bay Transportation Authority ("MBTA") responds to the allegations of the Complaint of plaintiff Kevin S. Clapp ("Mr. Clapp") as follows, according to the numbered paragraphs in the Complaint.

### Jurisdiction

1.  The MBTA states that this paragraph calls for a legal conclusion to which no response is required.

### Venue

2.  The MBTA states that this paragraph calls for a legal conclusion to which no response is required. Further answering, this paragraph does not provide any information as to where the Plaintiff resides.

### Parties

3.  The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph three.

4. The MBTA admits that it is a "body politic and corporate" as defined under G.L. c. 161A, § 2. Further answering, the MBTA admits it has a principal office at Ten Park Plaza, Boston, Suffolk County, Massachusetts.

## General Allegations

5. Admit.

6. Admit.

7. The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seven.

8. The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eight.

9. The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph nine.

10. The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph ten. In so far as this paragraph requires an answer, the MBTA states that the Massachusetts Department of Industrial Accidents decision speaks for itself.

11. The MBTA admits that in 1994, Mr. Clapp was injured in an off-the-job incident. Further answering, the MBTA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

12. The MBTA admits that in 1995, Mr. Clapp was medically disqualified as a bus operator. Further answering, the document referred to in this paragraph speaks for itself. This paragraph calls for a legal conclusion to which no response is required. The MBTA denies the remaining allegations in paragraph twelve.

13. The MBTA admits that in 1995, Mr. Clapp was medically disqualified as a bus operator. Further answering, the document referred to in this paragraph speaks for itself. This paragraph calls for a legal conclusion to which no response is required. The MBTA denies the remaining allegations in paragraph thirteen.

14. The MBTA admits that in 1995, as a result of his medical disqualification from his position as a bus driver, the MBTA provided Mr. Clapp with a temporary light duty job as a part-time far collector in the rapid transit division. Further answering, the MBTA denies the remaining allegations of this paragraph.

15. The MBTA admits that since 1995, Mr. Clapp has continued to work as a part-time collector until his recent suspension. Further answering, the MBTA denies the remaining allegations of this paragraph.

16. The MBTA denies the allegations contained in this paragraph.

17. The MBTA denies the allegations contained in this paragraph.

18. The MBTA denies the allegations contained in this paragraph.

19. The allegations set forth in paragraph nineteen call for a legal conclusion and therefore require no response. To the extent that an answer is required, the MBTA states that the MCAD decision speaks for itself.

20. The allegations set forth in paragraph twenty call for a legal conclusion and therefore require no response. To the extent that an answer is required, the MBTA states that the MCAD decision speaks for itself.

21. The MBTA states that the MCAD decision speaks for itself.

22. The MBTA denies the allegations contained in this paragraph.

23. The MBTA denies the allegations contained in this paragraph.

24. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

25. The MBTA admits that following the final decision of the MCAD in <u>Ross v. MBTA</u>, Docket No. 94-BEM 0716, the MBTA permitted Ms. Ross to work as a full-time collector during the pendency of the appeal to the Superior Court of Massachusetts in Ms. Ross's matter.

26. The MBTA denies the allegations contained in this paragraph.

27. The MBTA denies the allegations contained in this paragraph.

28. The MBTA denies the allegations contained in this paragraph.

29. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

30. This paragraph calls for a legal conclusion to which no response is required.

31. This paragraph calls for a legal conclusion to which no response is required.

32. This paragraph calls for a legal conclusion to which no response is required.

33. This paragraph calls for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

34. The MBTA denies the allegations contained in this paragraph.

35. The MBTA denies the allegations contained in this paragraph.

36. The MBTA denies the allegations contained in this paragraph.

37. Admit.

38. The MBTA denies the allegations contained in this paragraph.

39. The MBTA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirty-nine.

**Count I - Disability Discrimination (Violation of ADA)**

40. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-39 of the complaint.

41. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

42. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

**Count II - Disability Discrimination (Violation of c. 151B)**

43. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-42 of the complaint.

44. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

### Count III - Race Discrimination (Violation of Title VII of CRA of 1964)

45. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-44 of the complaint.

46. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

### Count IV - Sex Discrimination (Violation of Title VII of CRA of 1964)

47. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-46 of the complaint.

48. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

### Count V - Race Discrimination (Violation of c. 151B)

49. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-48 of the complaint.

50. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

### Count VI - Sex Discrimination (Violation of c. 151B)

51. The MBTA repeats and incorporates by reference its responses to the allegations set forth in paragraphs 1-50 of the complaint.

52. The allegations of this paragraph call for a legal conclusion to which no response is required. Further answering, the MBTA denies the allegations contained in this paragraph.

### First Affirmative Defense

Mr. Clapp's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Mr. Clapp's claims are barred by the doctrine of waiver.

### Third Affirmative Defense

Mr. Clapp's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Mr. Clapp's claims are barred by the doctrine of judicial estoppel.

### Fourth Affirmative Defense

Mr. Clapp's complaint was not filed within the applicable statute of limitations.

### Fifth Affirmative Defense

The MBTA has not discriminated against Mr. Clapp based on his disability in violation of G.L. c. 151B, § 4.

### Sixth Affirmative Defense

The MBTA reasonably accommodated Mr. Clapp by offering him a part-time position as a toll collector in the MBTA's rapid-transit division.

### Seventh Affirmative Defense

Mr. Clapp has failed to obtain the requisite right to sue letter from the Equal Employment Opportunity Commission before filing this lawsuit and this Court has no jurisdiction to hear his claims under the ADEA and Title VII.

### Eighth Affirmative Defense

Mr. Clapp has failed to exhaust his administrative remedies as to his claims of sex and race discrimination because he did not raise these claims before the Massachusetts Commission Against Discrimination or the Equal Employment Opportunity Commission before filing this lawsuit.

**WHEREFORE**, Plaintiff Massachusetts Bay Transportation Authority requests that the Court:

1. After hearing, enter judgment for the MBTA dismissing Mr. Clapp's complaint in its entirety; and

2. Grant such other or further relief as the Court determines just.

### DEFENDANT CLAIMS A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
The Massachusetts Bay Transportation Authority

by its Attorneys,

/s/ Walter M. Foster, Esq.
Walter M. Foster, Esq.
BBO No. 552917
Sarah E. Lent, Esq.
BBO No. 645156

Smith & Duggan LLP
Lincoln North
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400